# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| Alea R. Kennedy, | Case No. 2:24-cv-00018-MMD-BNW |
|---|---|
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Joseph Robinette Biden, Jr., | |
| Defendant. | |

Presently before the court is pro se Plaintiff's amended complaint. ECF No. 10. The Court now screens Plaintiff's amended complaint as required by 28 U.S.C. § 1915(e)(2).

**I.    Analysis**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

1  Plaintiff fails to state a claim upon which relief can be granted. In its previous screening
2  Order, the Court noted that Plaintiff's allegations described fantastic and delusional scenarios.
3  ECF No. 5. For example, the complaint alleged that "Defendant Biden held a contest for the
4  Plaintiff's personhood," that she was "forced to compete with clones," and was forced to
5  "observe clones of herself on the neighborhood." *Id*.
6  But the amended complaint is not very different from the original complaint. The
7  allegations in the 55-page complaint are implausible on their face and there is no indication that
8  they are grounded in reality. By way of example, she alleges that President Biden's entire career
9  has been based on torturing her. She repeats, once again, that she was forced to compete with
10 clones and observe clones of herself. She also alleges that President Biden attempted to replace
11 his dead children with other children as "a reversal of social Darwinism." She concludes by
12 alleging that President Biden confessed to torturing her based on his belief that she was the anti-
13 Christ.
14  Given the above, the Court recommends that Plaintiff's claims be dismissed with
15 prejudice. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989) *(in forma pauperis* statute
16 accords judges the authority to dismiss those claims whose factual contentions are clearly
17 baseless, such as those "describing fantastic or delusional scenarios").
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## II. Conclusion

**IT IS THEREFORE RECOMMENDED** that Plaintiff's amended complaint (ECF No. 10) be **DISMISSED** with prejudice.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 17, 2024

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE